FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA 97 FEB -7 AM 10: 57
SOUTHERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

FEB 7 - 1997

WILLIE RUTH FARRIOR,          )
                              )
            Plaintiff,        )
                              )
      v.                      )   CIVIL ACTION NO. 96-G-3127-S
                              )
SODEXHO, U.S.A., d/b/a        )
Morrison's Cafeteria,         )
                              )
            Defendant.        )

### MEMORANDUM OPINION

The cause presently before the court was filed in the
Tenth Judicial Circuit of Alabama by Willie Ruth Farrior who had
been injured on the job as a food server.  Plaintiff charges
retaliatory termination from her employment by defendants as a
direct result of her having requested treatment for her injury--a
termination violative of Alabama Code § 25-5-11.1 (1986) which
reads as follows:

> **§ 25-5-11.1.   Employee not to be terminated solely for
> action to recover benefits ... .**
>
> No employee shall be terminated by an employer solely
> because the employee has instituted or maintained any action
> against the employer to recover workers' compensation bene-
> fits under this chapter. ...

The above section was enacted as part of Acts 1984, 2nd Ex. Sess., No. 85-41, p. 44, § 11,[1] an act which begins with the following words: "To amend various sections of Chapter 5, Title 25, Code of Alabama 1973, which relate to workman's compensation in Alabama,"[2] followed by a lengthy recitation of its contents. The text itself is lengthy, too, but deals with nothing but workers' compensation.  The wording of the act and the codification of the act clearly show the legislature intended the act to be an amendment to the Workers' Compensation Act.  Section 25-5-11.1 amends the compensation act by prohibiting retaliatory discharge for filing a workers' compensation claim, a useful, perhaps absolutely necessary, enforcement provision.

Section 13 of Act No. 85-41 further states: "The provisions of this act are expressly declared **not to be severable** (emphasis added)."  Art. IV, § 45 of the Constitution of Alabama reads:  "Each law shall contain but one subject, which shall be clearly expressed in its title."  See Opinion of the Justices, 294 Ala. 571, 319 So. 2d 699, 702 (1975), which quotes Yielding v. State ex rel. Wilkinson, 232 Ala. 292, 167 So. 580 (1936). "A statute has but one subject, no matter how many different matters it relates to, if they are all cognate, and but different

---

[1]   Section 11 is found on page 66.

[2]   The correct title of the Alabama act is **Workers' Compensation Act**, although it is alternately referred to as workman's compensation and workmen's compensation.

2

branches of the same subject." 232 Ala. at 296, 167 So. at 583.
Act No. 85-41 deals with one subject: workers' compensation,
including an enforcement regulation, § 25-5-11.1.

Act No. 85-41 has a single subject because even a
casual reading discloses that everything in it has to do with
workers' compensation.  The courts must find a single subject in
order to deem the act constitutional under the Alabama Constitu-
tion.  That single subject is easily found merely by reading the
act, as aforesaid.

As additional evidence that the legislature understood
§ 11 of the act to be on the same subject as the rest of the act,
we see in § 13 a statement by the legislature that the act is not
severable.  This is a highly unusual provision.  Acts almost
routinely include severability clauses.  A non-severability
clause is almost unheard of and constitutes a legislative finding
that every section is so important to the single subject that no
part of the act can be removed without destruction of the legis-
lative purpose.  This creates an inference so strong that it
amounts to a loud legislative declaration that § 11 is a part of
the Workers' Compensation Act, as amended by Act No. 85-41.

Having established that § 25-5-11.1 is a part of the
Workers' Compensation Act the court turns to 28 U.S.C.
§ 1445(c), which follows, to see if the instant action was
properly removed:

A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

The court holds that pursuant to 28 U.S.C. § 1445(c) the above-styled action was improvidently removed to this court because § 25-5-11.1 is part of an act which amended the Workers' Compensation Act and is therefore part of the Workers' Compensation Act. The claim sued on necessarily, therefore, arose under the Workers' Compensation Act, as amended.

Not only is the court of the opinion that this cause has been improvidently removed for the reasons stated, the court adopts the reasoning and language of the June 25, 1996, order and memorandum opinion of Judge C. Lynwood Smith, Jr. in <u>Burton v. Heilig-Meyers Furniture Company, Inc.</u>, Civil Action No. 96-S-1219-NE. A copy of Judge Smith's order and opinion are attached hereto and made a part of this opinion.

The court hereby GRANTS the motion of plaintiff to remand the above-styled cause to the Tenth Judicial Circuit of Alabama. An order consistent with this opinion is being entered contemporaneously herewith.

DONE and ORDERED this _____ day of February 1997.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

4

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**FILED**

96 JUN 25 PM 5:09

U.S. DISTRICT COURT
N.D. OF ALABAMA

DENNIS L. BURTON,          )
                          )
          Plaintiff,       )
                          )
vs.                        )          CIVIL ACTION NO. CV96-S-1219-NE
                          )
                          )
HEILIG-MEYERS FURNITURE    )
COMPANY, INC.,             )
                          )          **ENTERED**
          Defendant.       )
                                     JUN 25 1996

**ORDER**

Plaintiff commenced this action by filing a complaint in the Circuit Court of Jackson County, Alabama, alleging that defendant retaliated against him for filing a workers' compensation claim. On May 9, 1996, defendant filed a notice of removal to this court. Plaintiff now moves to remand, asserting that removal is improvident pursuant to 28 U.S.C. § 1445(c), which states:

> A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

In accordance with the memorandum of opinion entered contemporaneously herewith in the similar, but unrelated, case of *James W. Roberts v. Beaulieu of America*, CV-95-S-2782-NE (a copy of which is attached hereto), it is **ORDERED** that this case be, and the same hereby is, **REMANDED** to the Circuit Court of Jackson County, Alabama. The clerk is **DIRECTED** to take all steps necessary to effect this order. Costs are taxed to the parties who or which incurred them.

**DONE**   this **25**<sup>th</sup> day of June, 1996.

_____

C. LYNWOOD SMITH, JR.
UNITED STATES DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED

96 JUN 25 PM 5:59

U.S. DISTRICT COURT
N.D. OF ALABAMA

JAMES W. ROBERTS, JR.,          )
                                )
        Plaintiff,              )
                                )
vs.                             )  CIVIL ACTION NO. CV-95-S-2782-NE
                                )
BEAULIEU OF AMERICA, INC.,      )
                                )
        Defendant.              )
                                )
                                )
                                )  **ENTERED**
                                )
                                )  JUN 2 5 1996
_____)

## MEMORANDUM OF OPINION

This action was commenced in the Circuit Court of Jackson
County, Alabama.   Plaintiff alleges that, while employed by
defendant, he was injured on the job, filed a claim for workers'
compensation benefits, and thereafter was wrongfully terminated in
violation of Alabama Code § 25-5-11.1 (1992).   That statute
provides:

> No employee shall be terminated by an employer solely because
> the employee has instituted or maintained any action against the
> employer to recover workers' compensation benefits under this
> chapter or solely because the employee has filed a written notice of
> violation of a safety rule pursuant to subdivision (c)(4) of Section
> 25-5-11.   [Emphasis supplied.]

Plaintiff demands judgment "in an amount for compensatory and
punitive damages as the jury may deem just and appropriate, plus
costs."   (Complaint p. 2.)   Service of process was perfected on
September 29, 1995, and defendant removed the action to this court
on October 27th, within the time allowed by 28 U.S.C. §§ 1441,

1446, premising jurisdiction on 28 U.S.C. § 1332, based upon the
parties' diversity of citizenship.[1]

   Plaintiff moved to remand on November 13, 1995, contending
that retaliatory discharge claims "arise under Alabama's worker's
compensation laws" and, accordingly, are not removable to federal
court pursuant to 28 U.S.C. § 1445(c), which provides:

> (c) A civil action in any State court arising under the
> workmen's compensation laws of such State may not be removed to any
> district court of the United States.   [Emphasis supplied.]

That motion was denied by United States District Judge Robert B.
Propst on December 20, 1995, for reasons stated in a memorandum
opinion entered in a similar, but unrelated case: *Moreland v. Gold
Kist, Inc.,* 908 F. Supp. 898 (N.D. Ala. 1995).[2]   Thereafter, the
action was reassigned to the undersigned judge, and, plaintiff
filed a motion to reconsider the motion to remand.

---

[1] Even though it appears that diversity of citizenship exists between the
parties – plaintiff being a resident of Alabama and defendant a Georgia
corporation, having its principal place of business in that state – nevertheless,
as noted in text, the state court complaint does not demand judgment in a
specified dollar amount.  Accordingly, this court shall deal with the issue of
the amount in controversy for purposes of determining diversity jurisdiction in
the same manner as  Kilpatrick v. Martin K. Eby Constr. Co., Inc., 708 F. Supp.
1241, 1242-43 (N.D. Ala. 1989): *i.e.,* consider the amount in controversy
requirement as having been met, because a plaintiff should not avoid removal
simply by ambiguously stating the amount in controversy in the complaint.

[2] In *Moreland,* Judge Propst held that actions based on ALA. CODE § 25-5-11.1
(1992) do not arise under the workers' compensation laws of Alabama.   His
conclusion was primarily founded upon a decision of the Alabama Supreme Court,
Jackson County Hospital v. Alabama Hosp. Ass'n Trust, 619 So. 2d 1369 (Ala.
1993), which held that claims for retaliatory discharge do not arise under
Alabama's workers' compensation laws for purposes of general liability insurance.
*Moreland* is discussed at note 18, and, in text beginning on page 17 *infra:* an
explication of the *Jackson County Hosp.* case begins on page 17 *infra.*

2

## I. SUMMARY OF DISPOSITION

Upon full consideration of the pleadings, briefs, oral arguments of counsel, and independent research, this Judge deferentially disagrees with his more senior and respected colleague, and concludes this action should be remanded to state court.

The remedy created by Alabama Code § 25-5-11.1 is essential to the efficacy of Alabama's statutory worker's compensation scheme and, therefore, retaliatory discharge claims based on that statute "aris[e] under the workmen's compensation laws of such State [and] may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). Further, because state courts neither have cause nor authority to address this issue, state court opinions may not contradict that conclusion. *See Subra v. CMS Therapies, Inc.*, 900 F. Supp 407 (M.D. Ala. 1995)(Albritton, J.); *see also Pettaway v. Wayne Poultry Company*, 791 F. Supp. 290 (M.D. Ala. 1992)(Albritton, J.).

With its basic decision thus expressed, this court — being keenly aware of the diversity of opinions on this issue among the circuits, and even among the judges of the Northern District of Alabama[3] — feels compelled to explain the reasoning which leads to the conclusion reached today.

---

[3] *See infra* pp. 14-17 and notes 15-18.

## II. POSITIONS OF THE CIRCUITS

### A. The Fifth Circuit

In *Jones v. Roadway Express, Inc.*, 931 F.2d 1086 (5th Cir. 1991), the Fifth Circuit held that a Texas action for retaliatory discharge based upon an act of that State's legislature' was a claim "arising under the workmen's compensation laws of such State" and, thus, could not be removed to a federal court. In that case, defendant removed an action by an injured truck driver to the U.S. District Court for the Western District of Texas, which denied plaintiff's motion to remand, siding with three other federal district courts in Texas.[5] The Fifth Circuit reversed, holding that S 1445(c) should be read broadly to encompass the retaliatory discharge claim created by Texas statute:

Federal law governs the construction of removal statutes . . . . Because Congress intended that all cases arising under a state's

---

[4]Tex. Rev. Civ. Stat. Ann. art 8307(c) (repealed 1993) (current version at Tex. Lab. Code Ann. SS 451.001 - 451.003 (West 1996)):

A person may not discharge or in any other manner discriminate against an employee because the employee has:
(1) filed a worker's compensation claim in good faith;
(2) hired a lawyer to represent the employee in a claim;
(3) instituted or caused to be instituted in good faith
     a proceeding under Subtitle A; or
(4) testified or is about to testify in a proceeding
     under Subtitle A.

Tex. Lab. Code Ann. S 451.001 (West 1996).

[5]Chatman v. Saks Fifth Ave.; 762 F. Supp. 152 (S.D. Tex, 1991); Gillis v. U.S. Natural Resources Inc., 4 IER Cases 1259, 1989 WL 132312 (W.D. Tex. 1989); Richardson v. Owens-Illinois Glass Container Inc., 698 F. Supp. 673 (W.D. Tex. 1988). In *Richardson*, the district court based its decision on two Texas Appellate Court decisions holding retaliatory discharge actions do not arise under the workers' compensation statutes of that state for purposes of determining whether an employer's workers' compensation insurance policy also covers liability for retaliatory discharge.

4

workers' compensation scheme remain in state court, we believe that we should read section 1445(c) broadly to further that purpose.

This court has declared, in analyzing the statute that grants federal question jurisdiction, 28 U.S.C. § 1331, that " '[a] suit arises under the law that creates the cause of action.'" . . . We do not see any reason not to define "arising under" in section 1445(c) as we have defined it in section 1331.

When we apply this definition to [a Texas retaliatory discharge] lawsuit, we are satisfied that such a suit arises under the workers' compensation laws of Texas within the meaning of section 1445(c). Article 8307c [the Texas statute creating the remedy[4]] enables injured workers to exercise their rights under that scheme . . . . The Texas Legislature enacted article 8307c to safeguard its workers' compensation scheme . . . . Were workers to refrain from filing claims for benefits or otherwise to refuse to participate in compensation proceedings for fear of retaliation, the legislature's elaborate workers' compensation scheme would be adversely affected . . . . In short, were it not for the workers' compensation laws, article 8307c would not exist, as its incorporation in Title 130 of the revised civil statutes of Texas covering workers' compensation suggests.

*Jones,* 931 F.2d at 1092 (emphasis supplied).

### B. The Seventh Circuit

In contrast, the Seventh Circuit held that an Illinois plaintiff's retaliatory discharge claim was removable. *Spearman v. Exxon Coal USA, Inc.,* 16 F.3d 722 (7th Cir. 1994). In *Spearman,* defendant fired plaintiff, allegedly for excessive absenteeism, but plaintiff claimed retaliation for filing a workers' compensation claim (and cited as proof the fact that Exxon had included in his total absentee hours the period of time plaintiff missed work due to injury). Unlike Texas, an Illinois retaliatory discharge claim is a common law tort. No state statute codifies the remedy, which is known in Illinois as a "Kelsay tort," flowing from the style of the case which created it: *Kelsay v. Motorola, Inc.,* 384 N.E.2d 353

---

[4] See *supra* note 4.

5

(Ill. 1978).  Exxon removed the action to federal court where a
jury returned a verdict in its favor.  On appeal, the Seventh
Circuit held the case was properly removed, because the Kelsay tort
is a "fault-based regime with common law damages [and it] is not a
'workmen's compensation law' no matter what the state calls it";
accordingly, such an action does not "arise under" the Illinois
workers' compensation statutes for purposes of 28 U.S.C. § 1445(c):

> Section 1445(c) was enacted in 1958.  An apt way to understand
> its meaning is to ask how a sophisticated legal audience would have
> understood the words "workmen's compensation law" at the time.  As
> we observed in Lingle [v. Norge Division of Magic Chef, Inc., 823
> F.2d 1031 (7th Cir. 1987)(en banc), rev'd, 486 U.S. 399, 108 S.Ct.
> 1877 (1988), on remand, 857 F.2d 422 (7th Cir. 1988)], liability
> without fault (and with limited recovery) for injuries in the course
> of employment was the standard definition in 1986, and it was the
> prevailing definition in 1958 and before . . . . There are many
> similar descriptions of the workers' compensation principle in
> judicial decisions and legal dictionaries.  No case or definition
> from the 1950s and before — at least none that we could find —
> treats unlimited liability for an intentional tort as part of a
> workers' compensation program.  Perhaps this is because such
> liability is relatively recent.  Illinois did not add an anti-
> retaliation component to its statutes until 1975, . . . and even
> then it omitted any private remedy.  Kelsay, decided in 1978, is
> among the first cases in the nation to create a remedy in tort for
> retaliatory discharge . . . . Thus, after independent consideration
> of the subject we adhere to Lingle.  A fault-based regime with
> common law damages is not a "workmen's compensation law" no matter
> what the state calls it.
>
> What is more, Illinois does not believe that the Kelsay tort
> is a workers' compensation law.  Kelsay called its rule an
> "independent tort action" . . . . Later cases have emphasized that
> the tort is distinct from the workers' compensation laws . . . .
>
> Workers' compensation law serves as the background of the
> Kelsay tort, furnishing the "public policy" that the employer must
> respect.  That workers' compensation law is a premise of the tort
> does not mean that the tort "arises under" the worker's compensation
> laws, any more than a state tort based on the violation of a federal
> safety standard 'arises under' that standard for purposes of the
> federal question jurisdiction in 28 U.S.C. § 1331 . . . .

Spearman v. Exxon Coal USA, Inc., 16 F.3d at 724-25 (citations
omitted)(emphasis supplied).

6

Essentially, the Seventh Circuit's rule became: a retaliatory discharge claim is removable to federal court, despite the policy of 28 U.S.C. § 1445(c), when the remedy was woven by judges from threads of the state's common law, rather than being forged in a legislative furnace and welded into the framework of a state's statutory workers' compensation scheme. *Id.; see also Hanna v. Fleetguard, Inc.*, 900 F. Supp. 1110, 1118 (N.D. Iowa 1995) (*infra* note 7).

### C. The Eighth Circuit

In *Humphrey v. Sequentia Inc.*, 58 F.3d 1238 (8th Cir. 1995), the Eighth Circuit held a retaliatory discharge action brought pursuant to Missouri Revised Statute § 287.780 (1994) was one arising under the Missouri Workers' Compensation Act for purposes of applying § 1445(c). In *Humphrey*, plaintiff was injured on the job, took disability leave, and was suspended from work on the day he returned, allegedly for making a racial remark. Defendant removed the action to federal district court; plaintiff moved to remand; but the district court denied the motion, relying upon *Spearman.*

> [This] Court agrees with the reasoning of the Seventh Circuit that an independent state common law action for retaliatory discharge is not a civil action "arising under the workmen's compensation laws" within [the] meaning of 28 U.S.C. § 1445(c).

*Humphrey*, 58 F.3d at 1245. The Eighth Circuit reversed, holding that the district judge misread *Spearman*:

7

In Spearman, . . . the Seventh Circuit specifically explained
that the plaintiff's fault-based retaliatory discharge claim was not
embodied in the Illinois statutory workers' compensation scheme, but
rather derived from the state's common law . . . . By contrast, the
Missouri Workers' Compensation Act specifically provides:

> No employee or agent shall discharge or in any way
> discriminate against any employee for exercising any of
> his [or her] rights under [the Missouri Workers'
> Compensation Act]. Any employee who has been discharged
> or discriminated against shall have a civil action for
> damages against his [or her] employer.

Mo.Rev.Stat. § 287.780.

Plaintiff thus argues that the district court erred in its
analysis by following Spearman. We agree. Unlike the common law
action brought by the plaintiff in Spearman, plaintiff's original
state court action in the present case was brought pursuant to a
state statute . . . . Because the Seventh Circuit was compelled by
the fact that the Illinois cause of action for retaliatory discharge
was excluded from the state's statutory scheme, 16 F.3d at 725,
Spearman is not persuasive in the present case.

The issue of whether plaintiff's cause of action in the
present case is one "arising under" Missouri's workers' compensation
laws, for purposes of applying § 1445(c), is governed by federal law
. . . .

Humphrey, 58 F.3d at 1245 (emphasis supplied). The Eighth Circuit

position thus became: if a state's legislature creates the remedy

for retaliatory discharge, and codifies it within its general

workers' compensation scheme, an action based on that statute

"arises under" the workers' compensation laws of the state and is

not removable to federal court.

> Under the plain meaning of the statute [§ 1445(c)], where a state
> legislature enacts a provision within its workers' compensation laws
> and creates a specific right of action, a civil action brought to
> enforce that right of action is, by definition, a civil action
> arising under the workers' compensation laws of that state and
> therefore § 1445(c) applies; under such circumstances, the action
> would be nonremovable . . . .

Id. at 1246; see also Hanna v. Fleetguard, Inc., 900 F. Supp. 1110,

1118 (N.D. Iowa 1995) (infra note 7).

8

Underlying the Eighth Circuit's decision is the United States Supreme Court's analysis for determining whether an action "arises under" federal law for purposes of applying 28 U.S.C. §§ 1331, 1441:

> How and when a case arises "under the Constitution or laws of the United States" has been much considered in the books. Some tests are well established. To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action . . . . The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another . . . . A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto . . . and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal . . . . Indeed, the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense.

*Humphrey*, 58 F.3d at 1246 (quoting *Gully v. First National Bank*, 299 U.S. 109, 112-13, 57 S. Ct. 96, 97-98 (1936)). The Eighth Circuit employed this analysis to reach its conclusion in *Humphrey*:

> Applying these principles to the present case, we hold that plaintiff's action in state court "arose under" Missouri's workers' compensation laws because the right established by § 287.780 is an essential element of plaintiff's claim, the success of plaintiff's claim will depend on how §287.870 is construed, a genuine and present controversy exists with reference to § 287.780, and the controversy is disclosed upon the face of the complaint.

*Humphrey*, 58 F.3d at 1246.

### D. Additional Positions

Federal district courts outside Alabama also have addressed this issue and reached disparate conclusions. *Compare Hanna v.*

*Fleetguard, Inc.,* 900 F. Supp. 1110 (N.D. Iowa 1995)[7]; *Gonzales v.
City of Mesa,* 779 F. Supp. 1050 (D. Ariz. 1991)[8]; *Smith v. Union*

---

[7] In *Hanna*, plaintiff claimed she was discharged as a consequence of
asserting workers' compensation claims for injuries sustained while working for
defendant. The case was removed and the issue of remand pursuant to 28 U.S.C.
§ 1445(c) was raised. The court employed the Eighth Circuit's analysis to
determine whether the claims for retaliatory discharge and bad faith arose under
the workers' compensation laws of Iowa:

> Specifically, the court will examine whether the rights established
> pursuant to the Iowa workers' compensation laws are essential
> elements of Hanna's claims, whether the success of Hanna's claims
> will depend on how the corresponding workers' compensation laws are
> construed, whether a genuine and present controversy exists with
> reference to these statutes, and whether the controversy is
> disclosed upon the face of the complaint. See Humphrey, 58 F.3d at
> 1246.

*Hanna*, 900 F. Supp. at 1117. After examining the evolution of the retaliatory
discharge claim in Iowa, the court determined its roots were founded in common
law and not "expressly established within Iowa's statutory workers' compensation
scheme." *Id.* at 1122. Therefore, in accord with the Humphrey/Spearman analysis,
the district court determined 28 U.S.C. § 1445(c) did not prohibit removal of an
Iowa retaliatory discharge claim.

[8] In *Gonzales*, plaintiffs claimed retaliatory discharge in response to
termination for filing worker's compensation claims for injuries allegedly caused
by sensitivity to paint fumes. The action was removed and became subject to
potential remand pursuant to 28 U.S.C. § 1445(c). The court held "both the
substantive right to be free from retaliatory discharge and the remedy must be
viewed as an action under Arizona's judicially-created tort law and not arising
under the state's worker's compensation statutes." *Gonzales*, 779 F. Supp. at
1052. It is significant, the court acknowledged, that:

> As defendants note, however, <u>in all of the decisions in which such
> claims were held to arise under worker's compensation laws, the
> substantive right to be free from retaliatory discharge was
> statutorily-created</u>, even if the remedy was provided by the courts
> rather than by a statutory provision creating a private right of
> action.

*Id.* at 1052-53 (emphasis supplied) (citing Kilpatrick v. Martin K. Eby Constr.
Co. Inc., 708 F. Supp. 1241, 1243 (N.D. Ala. 1989); Wallace v. Ryan-Walsh
Stevedoring Co., Inc., 708 F. Supp. 144, 147 (E.D. Tex. 1989); Alexander v.
Westinghouse Hittman Nuclear, Inc., 612 F. Supp. 1118, 1121 (D.C. Ill. 1985)).
In Arizona, the legislature had not enacted a statute creating the substantive
right to be free from retaliatory discharge. Therefore, the district court
concluded the claim could not arise under the workers' compensation laws of
Arizona, and was not barred from removal by 28 U.S.C. § 1445(c).

10

*Fleetguard, Inc.,* 900 F. Supp. 1110 (N.D. Iowa 1995)[7]; *Gonzales v.
City of Mesa,* 779 F. Supp. 1050 (D. Ariz. 1991)[8]; *Smith v. Union*

---

[7] In *Hanna,* plaintiff claimed she was discharged as a consequence of
asserting workers' compensation claims for injuries sustained while working for
defendant. The case was removed and the issue of remand pursuant to 28 U.S.C.
§ 1445(c) was raised.  The court employed the Eighth Circuit's analysis to
determine whether the claims for retaliatory discharge and bad faith arose under
the workers' compensation laws of Iowa:

> Specifically, the court will examine whether the rights established
> pursuant to the Iowa workers' compensation laws are essential
> elements of Hanna's claims, whether the success of Hanna's claims
> will depend on how the corresponding workers' compensation laws are
> construed, whether a genuine and present controversy exists with
> reference to these statutes, and whether the controversy is
> disclosed upon the face of the complaint. See Humphrey, 58 F.3d at
> 1246.

*Hanna,* 900 F. Supp. at 1117. After examining the evolution of the retaliatory
discharge claim in Iowa, the court determined its roots were founded in common
law and not "expressly established within Iowa's statutory workers' compensation
scheme." *Id.* at 1122. Therefore, in accord with the Humphrey/Spearman analysis,
the district court determined 28 U.S.C. § 1445(c) did not prohibit removal of an
Iowa retaliatory discharge claim.

[8] In *Gonzales,* plaintiffs claimed retaliatory discharge in response to
termination for filing worker's compensation claims for injuries allegedly caused
by sensitivity to paint fumes.  The action was removed and became subject to
potential remand pursuant to 28 U.S.C. § 1445(c).  The court held "both the
substantive right to be free from retaliatory discharge and the remedy must be
viewed as an action under Arizona's judicially-created tort law and not arising
under the state's worker's compensation statutes." *Gonzales,* 779 F. Supp. at
1052.  It is significant, the court acknowledged, that:

> As defendants note, however, <u>in all of the decisions in which such
> claims were held to arise under worker's compensation laws, the
> substantive right to be free from retaliatory discharge was
> statutorily-created</u>, even if the remedy was provided by the courts
> rather than by a statutory provision creating a private right of
> action.

*Id.* at 1052-53 (emphasis supplied) (citing Kilpatrick v. Martin K. Eby Constr.
Co. Inc., 708 F. Supp. 1241, 1243 (N.D. Ala. 1989); Wallace v. Ryan-Walsh
Stevedoring Co., Inc., 708 F. Supp. 144, 147 (E.D. Tex. 1989); Alexander v.
Westinghouse Hittman Nuclear, Inc., 612 F. Supp. 1118, 1121 (D.C. Ill. 1985)).
In Arizona, the legislature had not enacted a statute creating the substantive
right to be free from retaliatory discharge. Therefore, the district court
concluded the claim could not arise under the workers' compensation laws of
Arizona, and was not barred from removal by 28 U.S.C. § 1445(c).

*Carbide Corp.*, 664 F. Supp. 290 (E.D. Tenn. 1987),[9] *with Bearden v.*

*PNS Stores, Inc.*, 894 F. Supp. 1418 (D. Nev. 1995)[10]; *Husk v. E.I.*

*du Pont de Numours*, 842 F. Supp. 895 (S.D.W. Va. 1994)[11]; *Thompson*

---

[9] In *Smith*, plaintiff claimed she was wrongfully discharged in retaliation for pursuing her workers' compensation claim, and defendants allegedly used as a pretext her inability to provide medical evidence corroborating her claim. The case was removed and remand pursuant to 28 U.S.C. § 1445(c) was at question. The district court noted the Tennessee Supreme Court recognized that the retaliatory discharge claim, "'although not explicitly created by the statute, is necessary to enforce the duty of the employer, to secure the rights of the employee and to carry out the intentions of the legislature.'" *Smith*, 894 F. Supp. at 291-92 (citing Canton v. Cain-Sloan Co., 677 S.W.2d 441 (Tenn. 1984)). Therefore, the district court held the "retaliatory discharge claim is an <u>independent tort action judicially created</u>," not arising under the workers' compensation laws, and thus, its removal was not barred by 28 U.S.C. § 1445(c). *Id.* at 292.

[10] Plaintiffs in *Bearden* brought several claims for relief including a state tort action for retaliatory discharge for filing a workers' compensation claim. The case was removed and plaintiffs moved for remand. The district court acknowledged that, where a retaliatory discharge claim is specifically provided for in the state's workers' compensation laws, it "arises under" those laws and § 1445(c) is applicable. *Bearden*, 894 F. Supp. at 1420. The district court stated, however, that the issue is less clear where the action is not statutory, but instead is judicially created to give effect to the workers' compensation statute. *Id.* The district court agreed with the vast majority of other district courts that:

> although a private cause of action for retaliatory discharge may not be explicitly provided for under a workers' compensation statute, it may nonetheless, arise under that statute if: 1) the statute prohibits retaliatory discharge; and 2) the private cause of action has been judicially recognized in order to give effect to the statute.

*Id.* (citing Jones v. Roadway Express, Inc., 931 F.2d 1086 (5th Cir. 1991); Thompson v. Cort Furniture Rental Corp., 797 F. Supp. 618 (W.D. Tenn. 1992); Wallace v. Ryan-Walsh Stevedoring Co., Inc., 708 F. Supp. 144 (E.D. Tex. 1989); Kilpatrick v. Martin K. Eby Constr.. Co., Inc., 708 F. Supp. 1241 (N.D. Ala. 1989); Orsini v. Echlin, Inc., 637 F. Supp. 38 (N.D. Ill. 1986); Alexander v. Westinghouse Hittman Nuclear Inc., 612 F. Supp. 1118 (N.D. Ill. 1985); Roberts v. Citicorp Diners Club, Inc., 597 F. Supp. 1031 (S.D.W. Va. 1984); Kemp v. Dayton Tire & Rubber Co., 435 F. Supp. 1062 (W.D. Okla. 1977)).

[11] In *Husk*, plaintiff alleged his employment with defendant was terminated in anticipation he would file a workers' compensation claim in violation of W. VA. CODE § 23-5A-1 (1978). The case was removed and the application of 28 U.S.C. § 1445(c) was questioned. The district court relied upon its earlier ruling in *Thomas v. Kroger Co.*, 583 F. Supp. 1031 (S.D.W. Va. 1984), holding § 23-5A-1 arises under the workers' compensation laws of West Virginia, not only because it is located at Chapter 23 of the West Virginia Code (the West Virginia Workmen's Compensation Laws), but also because

11

*v. Cort Furniture Rental Corp.*, 797 F. Supp. 618 (W.D. Tenn.
1992).[12]

### III. HARMONIZING PRINCIPLES

In spite of the discordant results sounded by the foregoing
cases, certain harmonizing themes may be discerned amid the
cacophony. First, in those states where an action for retaliatory
discharge was tailored by the judiciary, cut from the common law
cloth of that jurisdiction, federal courts generally hold the tort
does <u>not</u> "arise under" the workers' compensation laws of that
state, and, accordingly, 28 U.S.C. § 1445(c) does not prohibit
removal. *See Spearman*, 16 F.3d at 722; *Hanna, supra* note 7;
Gonzales, *supra* note 8; Smith, *supra* note 9.

On the other hand, where the legislature of a state created
the remedy, and particularly when the enabling statute is located
within the general workers' compensation provisions of that state's
code, the majority of federal courts hold the action <u>does</u> "arise

---

it is an integral, even essential, component of the legislatively
created workmen's compensation scheme. The elaborate workmen's
compensation plan established by the legislature would be nullified
if workers refrained from filing claims for benefits or otherwise
refused to participate in workmen's compensation proceedings, for
fear that they would be terminated because of their actions.

*Husk*, 842 F. Supp. at 896.

[12] In *Thompson*, plaintiff allegedly was wrongfully discharged under
Tennessee Code § 50-6-114 (1991) in retaliation for filing workers' compensation
claims after incurring three separate back injuries. The case was removed and
remand pursuant to 28 U.S.C. § 1445(c) was raised. Based on the legislative
history and a broad construction of 28 U.S.C. § 1445(c), the district court
determined "that section 1445(c)'s exclusion embraces both statutory enactments
and the common law and that such judicial precedent 'arises under' the 'laws'
referred to." *Thompson*, 797 F. Supp. at 621.

12

under" the worker's compensation laws of the state and may not be
removed to federal court pursuant to 28 U.S.C. § 1445(c). *See*
*Humphrey*, 58 F.3d at 1238; *Jones*, 931 F.2d at 1086; *Bearden, supra*
note 10; *Husk, supra* note 11; *Thompson, supra* note 12; *Subra v. CMS*
*Therapies, Inc.*, 900 F. Supp. at 410:

> As stated in *Pettaway*, § 25-5-11.1 is a subsection of Title 25
> of the Alabama Code, covering "Industrial Relations." Chapter 5 of
> this Title, where the statute at issue is located, is entitled
> "Workers' Compensation." Not only is it located in the chapter of
> the Code dealing with workers' compensation, but it is also clearly
> a part of Alabama's statutory scheme for dealing with on the job
> injuries. Further, unlike Illinois, Alabama case law establishes
> that a claim for retaliatory discharge did not exist prior to the
> effective date of § 25-5-11.1.

Third, in the common sense phraseology of Mr. Justice Holmes,
"a suit arises under the law that creates the action." *American*
*Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S. Ct.
585, 586 (1916)(quoted in *Hudson Insurance Co. v. American Electric*
*Corp.*, 957 F.2d 826 (11th Cir. 1992); *Jones v. Roadway Express,*
*Inc.*, 931 F.2d 1086 (5th Cir. 1991)[13]; *Brown v. Connecticut General*
*Life Insurance Co.*, 934 F.2d 1193 (11th Cir. 1991); *Simpson v.*
*South Western Railroad*, 231 F.2d 59 (5th Cir. 1956)). *See also*
*Spearman v. Exxon Coal USA, Inc.*, 16 F.3d at 731-32 (Rovner, J.,
dissenting):

> In *Franchise Tax Bd. v. Construction Laborers Vacation Trust*,
> 463 U.S. 1, 27-28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983), the
> Supreme Court explained that section 1331 confers federal
> jurisdiction over "those cases in which a well-pleaded complaint

---

[13] In *Jones*, the Fifth Circuit relied upon Justice Holmes' aphorism when
analyzing the statute that grants federal question jurisdiction, 28 U.S.C. §
1331: "We do not see any reason not to define 'arising under' in section 1445(c)
as we have defined it in section 1331." *Jones*, 931 F.2d at 1092.

> establishes either that federal law creates the cause of action or
> that the plaintiff's right to relief necessarily depends on a
> substantial question of federal law." ... Applying that approach
> in the section 1445(c) context suggests that an action arises under
> a State workers' compensation law where that law creates the cause
> of action or where the right to relief necessarily depends on a
> substantial, disputed question under the law. ... [Citations
> omitted.]

Finally, the cases recognize three policies undergirding 28 U.S.C. § 1445(c): relieving federal court dockets of the overburdening removal of workers' compensation cases; retaining cases in state court, where the state compensation machinery is utilized; and, restricting to state court those cases involving purely local disputes, implicating no federal concerns.[14]  *See Jones*, at 1091 (5th Cir. 1991); *Subra v. CMS Therapies, Inc.*, 900 F. Supp. 407, 409 (M.D. Ala. 1995); *Pettaway v. Wayne Poultry Co.*, 791 F. Supp. 290, 291 (M.D. Ala. 1992); *Kilpatrick v. Martin K. Eby Construction Co.*, 708 F. Supp. 1241, 1244 (N.D. Ala. 1989).

## IV. THE ISSUE IN ALABAMA

The issue in Alabama is somewhat more puzzling than rote application of the foregoing principles might suggest.  This complication is reflected in the different results reached by federal courts within Alabama - indeed, judges within the Northern District of Alabama - when applying these principles.  *Compare*

---

[14] S. Rep. No. 1830, 85th Cong. 2nd Sess., reprinted in 1958 U.S.C.C.A.N. 3099, 3136: "the United States district courts in Texas, Alabama, and New Mexico [were] receiv[ing] a substantial number of [state workers' compensation] cases by removal and . . . the district courts of Louisiana [were] receiv[ing] some such cases" (quoted from Arthur v. E.I. du Pont de Numours & Co., Inc., 58 F.3d 121, 124 (4th Cir. 1994)).

14

*Subra v. CMS Therapies Inc.*, 900 F. Supp. 407 (M.D. Ala. 1995)[15];

*Pettaway v. Wayne Poultry Co.*, 791 F. Supp. 290 (M.D. Ala. 1992)[16];

*Kilpatrick v. Martin K. Eby Construction Co., Inc.*, 708 F. Supp.

1241 (N.D. Ala. 1989),[17] *with Moreland v. Gold Kist, Inc.*, 908 F.

---

[15] In *Subra*, plaintiff filed a retaliatory discharge action claiming she was wrongfully discharged because her medical leave stemming from on the job injuries had extended beyond one year. The case was removed and plaintiff moved to remand pursuant to 28 U.S.C. § 1445(c). The district court held federal laws control the definition of "workers' compensation" for purposes of interpreting the removal statute, not Alabama's case law; the legislative intent behind the removal statute is to relieve the burden on federal courts of state action claims; unlike *Spearman*, 16 F. 3d at 722, plaintiff's claim was brought under Alabama's workers' compensation laws which created the cause of action, codified at ALA. CODE § 25-5-11.1 (1992); thus, plaintiff's claim "arises under" the workers' compensation laws of Alabama and is nonremovable pursuant to 28 U.S.C. § 1445(c).

[16] Plaintiff in *Pettaway* alleged he was fired in violation of ALA. CODE § 25-5-11.1 (1992) by defendant for filing a workers' compensation claim after he was injured in the line and scope of his employment. The case was removed and plaintiff moved for remand under 28 U.S.C. § 1445(c). The district court noted the purposes of 28 U.S.C. § 1445(c) are to: (1) "stem the flood of workmen's compensation cases being removed to federal court," *Pettaway*, 791 F. Supp. at 291 (citing *Hernandez v. Travelers Ins., Co.*, 489 F. 2d 721, 724 (5th Cir. 1974); and (2) "to restrict these cases to state court because they involved purely local disputes implicating no federal concerns." Id.,(citing *Kilpatrick v. Martin K. Eby Constr. Co.*, 708 F. Supp. 1241, 1244 (N.D. Ala. 1989). Moreover, the district court recognized that § 25-5-11.1 is located in the Alabama Code under the chapter entitled "Workmen's Compensation," and that

> [p]rior to the enactment of section 25-5-11.1, the state of Alabama did not recognize an employee at will's right to sue his former employer for dismissing him as a result of his filing a workmen's compensation claim. *Meeks v. Opp Cotton Mills, Inc.*, 459 So. 2d 814 (Ala. 1984). Subsequent to the passage of section 25-5-11.1, the Alabama Supreme Court has allowed recovery of damages for wrongful termination after filing a workmen's compensation claim. *Caraway v. Franklin Ferguson Mfg. Co*, 507 So. 2d 925, 926 (Ala. 1987)("The clear intent of the legislature in enacting § 25-5-11.1 was to prohibit the dismissal of an employee merely because that employee claimed Workman's Compensation benefits or filed a written notice of a safety violation by the employer.")

*Pettaway*, 791 F. Supp. at 291. Consequently, the district court ruled that retaliatory discharge claims arise under the worker's compensation laws of Alabama, and thus, are not removable pursuant to 28 U.S.C. § 1445(c).

[17] In *Kilpatrick*, plaintiff alleged he was wrongfully discharged in violation of ALA. CODE § 25-5-11.1 (1992) after seeking to recover workmen's compensation benefits. The defendant removed the action to the Federal District

Supp. 898 (N.D. Ala. 1995)[18] (citing *Gilmer v. BFI*, CV-95-PT-2009-S

(N.D. Ala. 1995); *Gunn v. Fisher of Alabama*, CV-93-B-1847-S (N.D.

---

Court for the Northern District of Alabama where the court reviewed the case, *sua sponte*, to determine if it was properly removed. The district court held the application of § 25-5-11.1 is expressly limited:

> No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover worker's compensation benefits <u>under this chapter</u> . . . .

The words "under this chapter" plainly and clearly refer to chapter 5, Workmen's Compensation Act, §§ 25-5-1 through 25-5-231, Code of Alabama 1975 . . . . The conclusion is inescapable that plaintiff's Count Two claim for relief or cause of action for retaliatory discharge "arises under" Alabama's Workmen's Compensation Act and is therefore barred by federal statute from removal to federal court. 28 U.S.C. § 1445(c).

*Kilpatrick*, 708 F. Supp. at 1243 (emphasis in original).

[18] *Moreland* involved a plaintiff's claim of retaliatory discharge under ALA. CODE § 25-5-11.1 (1992) that was removed to the Federal District Court for the Northern District of Alabama. The district court disagreed with the *Subra* decision, *supra* note 15, and relied upon the reasoning of the Alabama Supreme Court in Jackson County Hosp. v. Alabama Hosp. Ass'n Trust, 619 So. 2d 1369 (Ala. 1993) ("Jackson I"):

> This Court has recognized that § 25-5-11.1 was created to "prevent an employee's termination 'solely because the employee [had] instituted or maintained [an] action against the employer to recover worker's compensation benefits.'" <u>Twilley v. Daubert Coated Prods., Inc.</u>, 536 So. 2d 1364, 1367 (Ala. 1988). This Court has not, however, previously determined that a § 25-5-11.1 claim for retaliatory discharge "arises under" the Workers' Compensation Act to the extent that it ceases to be characterized as a "tort claim" in the traditional sense of that term.

*Moreland*, 908 F. Supp. at 899 (quoting *Jackson I*) (alteration in *Moreland*). Specifically, the district court analyzed the same factors used in *Jackson I*:

> (1) Alabama law does not tie "the claim to damages relating to workers' compensation benefits."
> (2) "[A] plaintiff who brings [such a claim] can be awarded damages under the general law of torts."
> (3) The Alabama court notes that "claims that do 'arise under' worker's compensation laws are generally for occupational diseases and accidental injuries resulting from one's employment."

*Moreland*, 908 F. Supp. at 900. Thus, the district court concluded, the retaliatory discharge claim does not "arise under" the workers' compensation laws of Alabama, and is removable to federal court.

Ala. 1994)).

The complexity of the issue within this state principally is
a product of the Supreme Court of Alabama's decision in *Jackson
County Hospital v. Alabama Hospital Association Trust*, 619 So. 2d
1369 (Ala. 1993) ("Jackson I"). In that case, the Alabama Supreme
Court said, in speaking of actions founded upon Alabama Code § 25-
5-11.1, that:

> the retaliatory discharge claim is in the nature of a traditional
> tort, albeit one that is applied in the specialized circumstances of
> a worker's compensation claim, and thus does not arise 'under' our
> worker's compensation law for purposes of the general liability
> insurance provision in this case.

*Jackson I*, 619 So. 2d at 1371 (emphasis supplied). That truly
curious holding appears to be the pivotal point for Judge Propst's
approach to cases of this type. For example, in *Moreland*, Judge
Propst wrote:

> Here, Congress in 28 U.S.C. § 1445(c) has referred to claims arising
> "under the workmen's compensation laws of such State". Who better to
> determine whether a claim so arises than the Supreme Court of the
> "State?"

*Moreland*, 908 F. Supp. at 900 (emphasis supplied). For the reasons
which follow, this court answers Judge Propst's rhetorical question
with two words: "this court."

To begin with, federal court deference to the Alabama Supreme
Court's analysis overlooks that court's lack of authority, or cause
to determine, whether retaliatory discharge claims arise under the
state's workers' compensation statutes for purposes of applying
§1445(c). As the Eighth Circuit noted in a related context,

> [t]he issue of whether plaintiff's cause of action in the

17

> present case is one "arising under" [a state's] workers' compensation laws, for purposes of applying § 1445(c), is governed by federal law....

*Humphrey,* 58 F.3d at 1245 (emphasis supplied); *see also Spearman,* 16 F.3d at 724 ("That federal law supplies the definition of 'workmen's compensation laws' is beyond doubt"). The Fifth Circuit encountered a similar circumstance in *Jones v. Roadway Express, Inc.,* 931 F.2d 1086 (5th Cir. 1991). Prior to *Jones,* two Texas appellate courts had determined, for purposes of workers' compensation insurance coverage, that retaliatory discharge claims did not arise under the Texas workers' compensation laws. The United States District Court for the Western District of Texas followed the Texas appellate court decisions, and held that retaliatory discharge claims were excluded from the non-removal provision of § 1445(c). The Fifth Circuit reversed, noting the state courts' decisions could not, and did not, consider whether such a claim arose under workers' compensation laws for purposes of § 1445(c). *Jones,* 931 F.2d at 1092. The same is true of the Alabama Supreme Court's decision in *Jackson I.*

Indeed, this court agrees with the dissenting opinion of Judge Rovner in *Spearman,* 16 F.3d at 730:

Just as "[a] state could not prevent removal of ordinary tort cases by calling its common law of torts a 'workmen's compensation law'" . . . it also could not facilitate removal by calling a claim arising under its workmen's compensation laws an independent tort. As Lingle explained, a "'state cannot be allowed, merely by the label it attaches to the cause of action, to interfere with the administration of a federal statute.'" 823 F.2d at 1039.... [Emphasis supplied.]

18

That logic is especially pertinent when the purpose of the state court (as in *Jackson I*) was to interpret the language of an insurance policy, and the question for this court is the construction of an Act of Congress expressly limiting federal jurisdiction. Never let it be forgot: federal district courts are courts of limited jurisdiction. *E.g.*, *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

> They therefore can only hear cases over which they have jurisdiction pursuant to the Federal Constitution or by express grant of Congress.

*Subra v. CMS Therapies, Inc.*, 900 F. Supp. 407, 409 (M.D. Ala. 1995).

Furthermore, after careful consideration of *Jackson I* and its sequel, *Jackson County Hospital v. Alabama Hospital Association Trust*, 652 So. 2d 233 (Ala. 1993) ("Jackson II") — together with all briefs submitted to the Supreme Court of Alabama by counsel during both appeals — this court concludes that *Jackson I* should be accorded very little weight when deciding the jurisdictional issue facing this court.

The pertinent facts of the *Jackson* couplet are as follows. Gerri Adkins slipped, fell, and was injured while working at Jackson County Hospital ("Hospital"). On May 2, 1989, she

> sued the Hospital under Ala.Code 1975, § 25-5-11.1, alleging a retaliatory discharge; she alleged that the Hospital had terminated her from her job as a collector solely because she had filed a workers' compensation action against the Hospital. ...

19

*Jackson I,* 619 So. 2d at 1370. The Hospital tendered the claim to
its insurer, the Alabama Hospital Association Trust ("Trust"),
requesting that the Trust provide a defense to the action and
coverage in the event of a judgment, in accordance with the terms
of the Trust's "Self-Insurance Plan." The Trust refused, and sued
for a declaratory judgment to determine whether it was obligated to
provide coverage under the Hospital/Trust general liability
insurance agreement. The insurance plan specifically excluded
coverage for both workers' compensation claims, and, intentional
acts; that is, the policy excluded coverage for damages:

> due to any obligation for which the member or any carrier as his
> insurer may be held liable under any Workers Compensation,
> Unemployment Compensation, Disability Benefits or Employee Benefits
> Law, or any similar law.

Brief of Appellee at 12, *Jackson I* (No. 1911272) (quoting the
insurance agreement). The policy further limited coverage to "an
occurrence," which was defined as meaning an "accident ... which
results in personal injury or property damage neither expected nor
intended from the standpoint of the member [Hospital]." Brief of
Appellee at 16, *Jackson I* (No. 1911272) (quoting the insurance
agreement). The trial court entered summary judgment for the Trust
and the Hospital appealed.

On the first appeal, the Hospital argued that Gerri Adkins'
retaliatory discharge claim, "[i]n reality," was "nothing more than
a tort cause of action which was merely placed within the Workmen's
Compensation Act as a matter of convenience" and, consequently, was

not excluded from coverage.   Brief of Appellant at 8, *Jackson I*

(No. 1911272).

>        Alabama's Workmen's Compensation Act and the retaliatory
> discharge provision are diametrically opposed in nature.   Courts
> readily acknowledge that worker's compensation acts were adopted as
> a substitute for tort law.  ...  These statutes allow employees to
> recover for on-the-job injuries without bearing the usual burdens of
> proof.  However, the Court noted in *Caraway v. Franklin Ferguson
> Mfg. Co.*, 507 So. 2d 925 (Ala. 1987), that under Section 25-5-11.1,
> "damages can be awarded in accordance with the general law of
> torts."  This, of course, would involve proof of damages and jury
> trials, which are nonexistent in workmen's compensation claims.
> This Court in *Caraway* apparently rejected the notion that
> retaliatory discharge is a true worker's compensation claim.
> Further, this Court recognized in *McKnight v. Consolidated Freight*,
> 279 Ala. 430, 186 So. 2d 144 (1966), that the Worker's Compensation
> Act concerns accidental injuries and occupational diseases of
> employees.  Section 25-5-11.1 does not meet this description since
> it relates to a new cause of action characterized by this Court as
> a tort.

*Id.* at 11-12 (some citations omitted).     The Supreme Court of

Alabama embraced that argument, saying:

>        To establish that Adkin's § 25-5-11.1 claim was excluded from
> coverage under the policy, the Trust relied upon *Wojciak v. Northern
> Package Corp.*, 310 N.W.2d 675 (Minn. 1981), wherein the Supreme
> Court of Minnesota construed an insurance provision similar to that
> before us to exclude coverage for a retaliatory discharge claim
> provided for by the Minnesota workers' compensation statutes.   The
> Minnesota statute specifically provides (a) damages for diminution
> in workers' compensation benefits, (b) punitive benefits not to
> exceed three times the amount of workers' compensation benefits, and
> (c) no offset by any worker's compensation to which the employee is
> entitled.   The Minnesota statute thus intertwines damages relating
> to traditional workers' compensation benefits with the claims of
> "discharging or threatening to discharge" an employee seeking
> worker's compensation benefits.
>
>        By contrast, the Alabama statute has no special provisions
> tying the claim to damages relating to workers' compensation
> benefits; on the contrary, a plaintiff who brings a claim under §
> 25-5-11.1 can be awarded damages under the general law of torts.
> ...  The award of such damages could entail proof of damage or harm
> and could entail jury trials, which are nonexistent in traditional
> workers' compensation actions and which are not contemplated by the
> Minnesota workers' compensation law.   Based on the differences
> between the Alabama statute and the Minnesota statute, we find the
> holding of Wojciak not persuasive here.
>
>        We note that claims that do "arise under" workers'
> compensation laws are generally for occupational diseases and
> accidental injuries resulting from one's employment.   The § 25-5-

21

> 11.1 action for retaliatory discharge operates to protect an
> employee who files a traditional worker's compensation claim but, in
> so doing, does not itself become a "worker's compensation" action.
> We therefore hold that the retaliatory discharge claim is in the
> nature of a traditional tort, albeit one that is applied in the
> specialized circumstances of a worker's compensation claim, and thus
> does not arise "under" our workers' compensation law for purposes of
> the general liability insurance provision in this case. The trial
> court thus erred in holding that the Trust was entitled to a
> judgment as a matter of law on the claim of retaliatory discharge;
> thus, as to that claim its judgment is reversed and the cause is
> remanded for further proceedings.

*Jackson I,* 619 So. 2d at 1371 (citations omitted) (emphasis

supplied). It is portentous to record that — even though the

application of the policy clause excluding coverage for an

"occurrence" spawned by an intentional act was fully briefed and

argued by the parties — the Alabama Supreme Court totally failed to

address that issue in *Jackson I.*

That delinquency was not overlooked by the trial judge who had

been reversed, however. On remand, the trial court again entered

summary judgment for the Trust, holding that:

the Hospital's termination of Adkins was also an intentional act
and, therefore, was not covered by the "occurrence" provisions of
the Hospital/Trust insurance agreement.

*Jackson II,* 652 So. 2d at 234-35. The Hospital filed a second

appeal, and the Supreme Court of Alabama affirmed. The wording of

Mr. Justice Houston's concurring opinion is as enlightening as it

is entertaining:

Oops! ... We should have addressed the issue here addressed
in the opinion in Jackson County Hospital v. Alabama Hospital
Association Trust, 619 So. 2d 1369 (1993), but we did not.

*Jackson II,* 652 So. 2d at 236 (Houston, J., concurring).

22

The instructive value of Mr. Justice Houston's exclamation lies in its colorful emphasis of these points: the resolution of the controversy actually turned upon the exclusion clause addressed in *Jackson II;* the Court's opinion in *Jackson I,* therefore, is wholly superfluous and amounts only to *dictum.*

Nevertheless, it has been opined that *Jackson I* is persuasive with regard to the issue at hand.

> Jackson County not only states why the retaliation claim is a tort claim which does not arise under the Alabama workers' compensation laws, it also suggests reasons why, even under federal law, the claim does not arise "under the workmen's compensation laws of such State . . . ." 28 U.S.C. § 1445(c). These suggestions include the following:
>
> (1) Alabama law does not tie "the claim to damages relating to workers' compensation benefits."
>
> (2) "[A] plaintiff who brings [such a claim] can be awarded damages under the general law of torts."
>
> (3) The Alabama court notes that "claims that do 'arise under' worker's compensation laws are generally for occupational diseases and accidental injuries resulting from one's employment."

*Moreland v. Gold Kist, Inc.,* 908 F. Supp. 898, 900 (N.D. Ala. 1995). This court finds those points unpersuasive. The first two may be analyzed together: that is, damages for retaliatory discharge claims are awarded under the general law of torts rather than the workers' compensation scheme (which considers the injured employee's average weekly wage, a schedule of benefits, if the injury is to a specific part of the body, or the percent of his or her permanent, partial disability if the injury is "unscheduled," to the "body as a whole"). While true enough, those considerations do not support the conclusion that retaliatory discharge claims do

23

not arise under the workers' compensation laws of Alabama.[19] Cases
outside Alabama have not found the nature of recoverable damages to
be a determinative factor. For example, a Missouri state court
held that Missouri's equivalent of Alabama Code § 25-5-11.1:

> creates an independent tort. Reed v. Sale Memorial Hosp. & Clinic,
> 698 S.W.2d 931, 940[19] (Mo.App.1985). The damages encompass loss
> of wages, but are not concluded by them. [citations omitted]

*Hopkins v. Tip Top Plumbing and Heating Company*, 805 S.W.2d 280,
286 (Mo. Ct. App. 1991). Yet, despite the tort-like nature of
damages for retaliatory discharge claims and the absence of a
connection between those damages and workers' compensation
benefits, retaliation claims brought pursuant to Missouri's statute
were held by the Eighth Circuit to arise under the workers'
compensation laws of Missouri for purposes of 28 U.S.C. § 1445(c).
*Humphrey*, 58 F.3d at 1238.

Likewise, the Texas statute providing for damages under its
retaliatory discharge statute reads:

> (a) A person who violates Section 451.001 [the retaliation
> statute] is liable for reasonable damages incurred by the employee
> as a result of the violation.

TEX. LAB. CODE ANN. § 451.002 (West 1996). This provision is
virtually identical to its predecessor, TEX. REV. CIV. STAT. ANN. §
8307c (West 1991). However, despite the tort-like nature of

---

[19] General damage principles for lost wages and the mental anguish of being
terminated from employment after an on-the-job injury may be a more appropriate
means of compensating the victim of a retaliatory discharge than an award based
on limited, no-fault benefits — legislatively created as a *quid pro quo* for the
surrender of common law rights in return for the certainty of a recovery — which
the injured worker would be entitled to receive in any event.

24

retaliation damages and the absence of a connection between said damages and workers' compensation benefits, retaliation claims brought pursuant to the Texas statute were held by the Fifth Circuit to arise under the workers' compensation laws of Texas for purposes of 28 U.S.C. § 1445(c).  *Jones v. Roadway Express, Inc.,* 931 F.2d 1086 (5th Cir. 1991).

Similarly, the West Virginia Supreme Court held that workers' compensation benefits and retaliatory discharge damages are separate and independent. *See Powell v. Wyoming Cablevision, Inc.,* 403 S.E.2d 700 (W. Va. 1991). Yet, retaliatory discharge claims brought pursuant to West Virginia's retaliatory discharge statute also have been held to arise under that state's workers' compensation laws for purposes of 28 U.S.C. § 1445(c).  *Husk v. E.I. du Pont de Nemours,* 842 F. Supp. 895 (S.D.W. Va. 1994).

Given this disregard for the classification of damages by courts in other jurisdictions, and considering the policies underlying § 1445(c), this court is not persuaded that the nature of recoverable damages in Alabama's retaliatory discharge action is of consequence to the proper construction of that statute for purposes of determining federal jurisdiction.

Finally, the third contention of *Jackson I,* asserted in *Moreland* as a justification for its holding that retaliatory discharge claims do not arise under the workmens' compensation laws of Alabama (i.e., "The Alabama court notes that 'claims that do

25

"arise under" worker's compensation laws are generally for occupational disease and accidental injuries resulting from one's employment'") likewise is not persuasive to this court. Alabama Code § 25-5-11.1 serves a far more important purpose: it vindicates the statutory rights of those persons who <u>do</u> sustain occupational diseases or accidental, on-the-job injuries; it removes an injured employee's fear of retaliation in the terms and conditions of employment or, worse, termination of employment, as a result of requesting his or her meager worker's compensation mite.   This was recognized by the Supreme Court of Alabama in *Caraway v. Franklin Ferguson Manufacturing Co.*, 507 So. 2d 925, 926 (Ala. 1987):

> The clear intent of the legislature in enacting § 25-5-11.1 was to prohibit the dismissal of an employee merely because that employee claimed Workmen's Compensation benefits or filed a written notice of a safety violation by the employer.

Unquestionably, the retaliatory discharge action is essential to the efficacy and integrity of Alabama's statutory workers' compensation scheme.

26

## V. CONCLUSION

This court therefore concludes that plaintiff's motion to reconsider the order denying remand is due to be GRANTED, and the action remanded to state court.  An order consistent with this memorandum of opinion will be entered contemporaneously herewith.

DONE this _25th_ day of June, 1996.

C. Lynwood Smith, Jr.
United States District Judge